# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TASHA JOSHAWAY, MICHAEL YURKOWSKI, and DEBBIE GOIN, individually and on behalf of all others similarly situated | ) ) ) ) ) | Case No. |
| Plaintiffs, | ) ) | |
| v. | ) ) | CLASS ACTION COMPLAINT |
| FIRST STUDENT, INC. | ) ) | (Jury Trial Demanded) |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiffs, Tasha Joshaway, Michael Yurkowksi, and Debbie Goin, on behalf of themselves and all others similarly situated, complain against defendant First Student, Inc., as follows:

### Introduction

1. This is a class action for damages and other relief brought by plaintiffs on behalf of all persons whose rights under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, were violated by Defendant , First Student, Inc. ("First Student"), on or after October 5, 2007, when First Student terminated their employment or denied them employment in reliance on information contained in "consumer reports" without first providing them with: (a) a pre-adverse action disclosure which includes a copy of the employee's consumer report obtained from the consumer reporting agency and a description in writing of the employee's rights under the FCRA; and (b) a pre-adverse action opportunity to dispute the accuracy of the reported information.

**Parties**

2.      Plaintiffs, Tasha Joshaway ("Joshaway"), Michael Yurkowski ("Yurkowski") and Debbie Goin ("Goin"), are all residents of the Central District of Illinois. Joshaway, Yurkowski and Goin all reside in Kankakee County, Illinois.

3.      Defendant, First Student, a Delaware corporation headquartered in Cincinnati, is the largest provider of student transportation in North America. First Student is a business unit of FirstGroup America and is wholly-owned by FirstGroup plc, which is incorporated in the United Kingdom.

**Jurisdiction and Venue**

4.      The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5.      Venue is proper in the Central District of Illinois under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this judicial district.

**Factual Allegations**

*Plaintiff Tasha Joshaway*

6.      On or about March 28, 2008, Joshaway commenced her employment as a school bus operator with First Student in Kankakee, Illinois.

7.      Sometime thereafter, First Student requested a consumer report containing criminal background information on Joshaway from USIS Commercial Services, Inc. ("USIS"). USIS is a consumer reporting agency as defined in 15 U.S.C. § 1681a(d)(1). USIS prepared the requested consumer report and delivered it to First Student.

8. On or about June 17, 2009, First Student suspended Joshaway without pay on the basis of criminal background information contained in the consumer report USIS provided First Student.

9. By letter dated June 24, 2009, First Student terminated Joshaway's employment based on information provided in the USIS consumer report.

10. At no time prior to her suspension and discharge did First Student provide Joshaway with a copy of the USIS consumer report or an opportunity to dispute the accuracy of the information provided in the USIS consumer report.

*Plaintiff Michael Yurkowski*

11. On or about December 21, 2005, Yurkowski commenced his employment as a school bus operator with First Student in Kankakee, Illinois.

12. Sometime thereafter, First Student requested a consumer report containing criminal background information on Yurkowski from USIS. USIS prepared the requested consumer report and delivered it to First Student.

13. On or about June 29, 2009, First Student suspended Yurkowski without pay on the basis of criminal background information contained in the consumer report USIS provided First Student.

14. By letter dated July 1, 2009, First Student terminated Yurkowski's employment based upon information provided in the USIS consumer report.

15. At no point prior to his suspension and discharge did First Student provide Yurkowski with a copy of the USIS consumer report or an opportunity to dispute the accuracy of the information provided in the USIS consumer report.

*Plaintiff Debbie Goin*

16. In or around March 2001, Goin began her employment as a school bus operator with First Student, in Kankakee, Illinois.

17. Sometime thereafter, First Student requested a consumer report containing criminal background information on Goin from USIS. USIS prepared the requested consumer report and delivered it to First Student.

18. On or about August 18, 2009, First Student suspended Goin without pay on the basis of criminal background information contained in the consumer report USIS provided First Student.

19. By letter dated August 23, 2009, First Student terminated Goin's employment based on information provided in the USIS consumer report.

20. At no time prior to her suspension and discharge did First Student provide Goin with a copy of the USIS consumer report or an opportunity to dispute the accuracy of the information set forth in the USIS consumer report.

## *The Requirements of the Fair Credit Reporting Act (FCRA)*

21. Pursuant to 15 U.S.C. § 1681b(b)(3), the FCRA requires that prior to taking any adverse action against an employee or employment applicant based on information contained in a consumer report obtained from a consumer reporting agency, an employer must provide the employee or employment applicant with: (a) a pre-adverse action disclosure which includes a copy of the employee's consumer report obtained from a consumer reporting agency and a description in writing of the employee's rights under the FCRA; and (b) a pre-adverse action opportunity to dispute the accuracy of the reported information before any adverse action is taken. Pursuant to 15 U.S.C. § 1681a(d), the definition of a "consumer report" for purposes of

4

the FCRA includes a criminal background check used for employment purposes. Pursuant to 15 U.S.C. § 1681a(k), the definition of "adverse action" for purposes of the FCRA includes "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee."

22. On information and belief, First Student has a nationwide policy and practice of requesting that USIS or other consumer reporting agencies provide it with consumer reports containing criminal background information on all employees and employment applicants and of taking adverse employment action based on information contained in those reports without providing employees or employment applicants: (a) a pre-adverse action disclosure containing a copy of the consumer report obtained from the consumer reporting agency and a description in writing of the employee's rights under the FCRA; or (b) a pre-adverse action opportunity to dispute the accuracy of the reported information.

23. Plaintiffs, Joshaway, Yurkowski and Goin, bring this lawsuit pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and all former employees and employment applicants of First Student who, on or after October 5, 2007, suffered adverse employment action based on information contained in consumer reports without receiving: (a) a pre-adverse action disclosure containing a copy of the employee's consumer report obtained from the consumer reporting agency and a description in writing of the employee's rights under the FCRA; or (b) a pre-adverse action opportunity to dispute the accuracy of the reported information before any adverse action was taken.

24. The class defined above satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23. The class is so numerous that joinder of all members is impracticable. Common questions of law and fact predominate over

individual issues affecting only individual class members. The common questions of law and fact include, *inter alia*, the following:

    a.    whether the defendant failed to provide each class member with a pre-adverse action disclosure containing a copy of each employee's consumer report which the Defendant obtained from the consumer reporting agency and a description in writing of the employee's rights under the FCRA;

    b.    whether the defendant failed to provide class members with a pre-adverse action opportunity to dispute the accuracy of the reported information; and

    c.    whether defendant's actions as described above constitute violations of the FCRA.

25. Plaintiffs will fairly and adequately protect the interests of all class members. Plaintiffs are members of the class and their claims are typical of the claims of all class members. Their interests in obtaining monetary relief for the violations of their rights by defendant are consistent with and are not antagonistic to those of any person within the class.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because it will:

    a.    avoid the heavy burden of multiple, duplicative suits;

    b.    avoid the virtually impossible task of getting all class members to intervene as party-plaintiffs in this action;

    c.    allow the Court, upon adjudication of defendant's liability, to determine the claims of all class members; and

    d.    allow the Court to enter appropriate final monetary relief with respect to the class as a whole.

## Count One – First Student's FCRA violations

27. Plaintiffs reallege and incorporate by reference paragraphs 1-26 of this Complaint as if fully set forth herein.

28. First Student has willfully failed to provide plaintiffs and members of plaintiff class, as required by 15 U.S.C. § 1681b(b)(3), with: (a) a pre-adverse action disclosure containing a copy of the consumer report and a description of their rights under the FCRA; and (b) a pre-adverse action opportunity to dispute the accuracy of the information contained in the consumer report.

29. First Student's willful violation of 15 U.S.C. § 1681b(b) has caused damages to plaintiffs and members of the plaintiff class for which damages First Student is liable under 15 U.S.C. § 1681n.

30. In the alternative to paragraph 29 of this complaint, First Student negligently failed to provide plaintiffs and members of plaintiff class, as required by 15 U.S.C. § 1681b(b)(3), with: (a) a pre-adverse action disclosure containing a copy of the consumer report and a description of their rights under the FCRA; and (b) a pre-adverse action opportunity to dispute the accuracy of the information contained in the consumer report.

31. In the alternative to paragraph 30 of this complaint, First Student's negligent violation of 15 U.S.C. § 1681b(b) has caused damages to plaintiffs and members of the plaintiff class for which damages First Student is liable under 15 U.S.C. § 1681o.

### **Prayer for Relief**

WHEREFORE, plaintiffs respectfully request, on behalf of themselves and the class they seek to represent, that this Court:

A. Certify this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of the proposed plaintiff class and designate the named plaintiffs as representatives of the class and their counsel of record as class counsel;

B. Award statutory, actual and punitive damages against defendant to plaintiffs and members of the plaintiff class as provided in 15 U.S.C. §§ 1681n and 1681o;

    C.     Award plaintiffs and class members their attorneys' fees and the costs of this action pursuant to 15 U.S.C. §§ 1681n and o;

    D.     Award plaintiffs and class members their costs pursuant to 28 U.S.C. § 1920; and

    E.     Grant all such additional relief as the Court deems appropriate.

## Jury Demand

Plaintiffs demand trial by jury on all issues as to which a jury trial is available.

Respectfully submitted,

S/ Kalman D. Resnick_____
One of the Attorneys for Plaintiffs

Matthew J. Piers
Kalman D. Resnick
Joshua Karsh
Cristina N. Siepel
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
Three First National Plaza
70 West Madison Street
Suite 4000
Chicago, Illinois 60602
(312)580-0100

✎JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ❒ 1 U.S. Government Plaintiff
- ❒ 2 U.S. Government Defendant
- ❒ 3 Federal Question (U.S. Government Not a Party)
- ❒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated or Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated and Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❒ 610 Agriculture | ❒ 422 Appeal 28 USC 158 | ❒ 400 State Reapportionment |
| ❒ 120 Marine | ❒ 310 Airplane | ❒ 362 Personal Injury - Med. Malpractice | ❒ 620 Other Food & Drug | ❒ 423 Withdrawal 28 USC 157 | ❒ 410 Antitrust |
| ❒ 130 Miller Act | ❒ 315 Airplane Product Liability | ❒ 365 Personal Injury - Product Liability | ❒ 625 Drug Related Seizure of Property 21 USC 881 | | ❒ 430 Banks and Banking |
| ❒ 140 Negotiable Instrument | ❒ 320 Assault, Libel & Slander | ❒ 368 Asbestos Personal Injury Product Liability | ❒ 630 Liquor Laws | **PROPERTY RIGHTS** | ❒ 450 Commerce |
| ❒ 150 Recovery of Overpayment & Enforcement of Judgment | ❒ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ❒ 640 R.R. & Truck | ❒ 820 Copyrights | ❒ 460 Deportation |
| ❒ 151 Medicare Act | ❒ 340 Marine | ❒ 370 Other Fraud | ❒ 650 Airline Regs. | ❒ 830 Patent | ❒ 470 Racketeer Influenced and Corrupt Organizations |
| ❒ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❒ 345 Marine Product Liability | ❒ 371 Truth in Lending | ❒ 660 Occupational Safety/Health | ❒ 840 Trademark | ❒ 480 Consumer Credit |
| ❒ 153 Recovery of Overpayment of Veteran's Benefits | ❒ 350 Motor Vehicle | ❒ 380 Other Personal Property Damage | ❒ 690 Other | **SOCIAL SECURITY** | ❒ 490 Cable/Sat TV |
| ❒ 160 Stockholders' Suits | ❒ 355 Motor Vehicle Product Liability | ❒ 385 Property Damage Product Liability | **LABOR** | ❒ 861 HIA (1395ff) | ❒ 810 Selective Service |
| ❒ 190 Other Contract | ❒ 360 Other Personal Injury | | ❒ 710 Fair Labor Standards Act | ❒ 862 Black Lung (923) | ❒ 850 Securities/Commodities/ Exchange |
| ❒ 195 Contract Product Liability | | | ❒ 720 Labor/Mgmt. Relations | ❒ 863 DIWC/DIWW (405(g)) | ❒ 875 Customer Challenge 12 USC 3410 |
| ❒ 196 Franchise | | | ❒ 730 Labor/Mgmt.Reporting & Disclosure Act | ❒ 864 SSID Title XVI | ❒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❒ 740 Railway Labor Act | ❒ 865 RSI (405(g)) | ❒ 891 Agricultural Acts |
| ❒ 210 Land Condemnation | ❒ 441 Voting | ❒ 510 Motions to Vacate Sentence | ❒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❒ 892 Economic Stabilization Act |
| ❒ 220 Foreclosure | ❒ 442 Employment | **Habeas Corpus:** | ❒ 791 Empl. Ret. Inc. Security Act | ❒ 870 Taxes (U.S. Plaintiff or Defendant) | ❒ 893 Environmental Matters |
| ❒ 230 Rent Lease & Ejectment | ❒ 443 Housing/ Accommodations | ❒ 530 General | | ❒ 871 IRS—Third Party 26 USC 7609 | ❒ 894 Energy Allocation Act |
| ❒ 240 Torts to Land | ❒ 444 Welfare | ❒ 535 Death Penalty | | | ❒ 895 Freedom of Information Act |
| ❒ 245 Tort Product Liability | ❒ 445 Amer. w/Disabilities - Employment | ❒ 540 Mandamus & Other | **IMMIGRATION** | | ❒ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ❒ 290 All Other Real Property | ❒ 446 Amer. w/Disabilities - Other | ❒ 550 Civil Rights | ❒ 462 Naturalization Application | | |
| | ❒ 440 Other Civil Rights | ❒ 555 Prison Condition | ❒ 463 Habeas Corpus - Alien Detainee | | ❒ 950 Constitutionality of State Statutes |
| | | | ❒ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ❒ 1 Original Proceeding
- ❒ 2 Removed from State Court
- ❒ 3 Remanded from Appellate Court
- ❒ 4 Reinstated or Reopened
- ❒ 5 Transferred from another district (specify)
- ❒ 6 Multidistrict Litigation
- ❒ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❒ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❒ Yes ❒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.   Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.